ADAM PAUL LAXALT
  Attorney General
DENNIS W. HOUGH, Bar No. 11995
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1254
E-mail:  dhough@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MONTENEQUE NAKIA KNOX, | Case No.  3:17-cv-00535-MMD-WGC |
| Plaintiff, | **ORDER GRANTING** |
| v. | **MOTION FOR EXTENSION OF TIME OF THE 90-DAY STAY PERIOD** |
| C. SHARP, et al., | |
| Defendants. | |

Defendants, by and through counsel Adam Paul Laxalt, Attorney General of the State of Nevada, and Dennis W. Hough, Deputy Attorney General, hereby file their Motion for Enlargement of Stay. This motion is based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all papers and pleadings on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    NATURE OF THE ACTION

This is an inmate civil rights action pursuant to 42 U.S.C. Section 1983. ECF 15 at 2. Plaintiff, Monteneque Nakia Knox (Plaintiff) was an inmate at the initiation of this lawsuit, and is presently on Parole under the supervision of the Nevada Department of Probation and Parole. The events at issue in Plaintiff's complaint allegedly took place at Ely State Prison, High Desert State Prison ECF 13.

/ / /

/ / /

/ / /

## II.    DISCUSSION

### A.    Fed. R. Civ. P. 6(b)(1) Allows This Court to Extend Deadlines

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B.    Good Cause Exists to Enlarge the Stay

The Inmate Early Mediation Conference has already been rescheduled to Tuesday, February 5, 2019. (ECF 23). The 90-Day Stay Period and Report to the Court should be rescheduled accordingly.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III.    CONCLUSION

The Defendants respectfully request that this Honorable Court grant their motion and extend the stay in this matter until February 12, 2019.

DATED this 21st day of November, 2018.

ADAM PAUL LAXALT
Attorney General

By:    _____
DENNIS W. HOUGH
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

**IT IS SO ORDERED.**

**DATED:  November 26, 2018.**

_____
**UNITED STATES MAGISTRATE JUDGE**