UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MONTENEQUE NAKIA KNOX,<br><br>          Plaintiffs,<br>     v.<br><br>C. SHARP, *et al.*,<br><br>          Defendants. | Case No. 3:17-cv-00535-MMD-WGC<br><br>ORDER |

Plaintiff is an incarcerated person in the custody of the Nevada Department of Corrections ("NDOC") who is proceeding *pro se* with this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge William G. Cobb (ECF No. 80), recommending that the Court grant Defendants' motion for summary judgment (the "Motion") (ECF No. 67). Plaintiff had until June 19, 2020 to file an objection. To date, no objection has been filed. For that reason, and because the Court agrees with Judge Cobb, the Court will adopt the R&R.[1]

The Court adopts the facts outlined in the R&R (ECF No. 80 at 2-4) and does not recite them here.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations."); Fed. R. Civ. P. 72, Advisory

---

[1] The Court has reviewed the parties' briefs. (ECF Nos. 72, 75, 76, 77, 78.)

Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

While Plaintiff has failed to timely object to the R&R, the Court has nevertheless conducted a *de novo* review to determine whether to adopt the R&R.

Judge Cobb recommends granting the Motion on Plaintiff's claims for retaliation and disparate treatment against Rowley,[2] Van Hassel, Sliker, and Quinlan. (ECF No. 80 at 6-9.) As Judge Cobb pointed out with regard to both claims, Plaintiff presents no evidence refuting: (1) Quinlan's statement that he never threatened Plaintiff, was unaware Plaintiff was Muslim or from Los Angeles, and was not involved in reporting Plaintiff's fight with his cellmate; (2) Van Hassel's statement that he never knew Plaintiff, was unaware Plaintiff was Muslim or from Los Angeles, and was not employed by NDOC when the retaliation allegedly occurred; (3) Colton Rowley's statement that never met Plaintiff; (4) Christian Rowley's statement that he did not see or recall Plaintiff and was not assigned to anywhere in Plaintiff's proximity; and (5) Sliker's never witnessed nor was a part of the alleged conduct (*Id.* at 7-11.)

Judge Cobb also recommends granting the Motion on Plaintiff's claims for Eighth Amendment claims against Sliker and Quinlan. (*Id.* at 12.) Judge Cobb found that Plaintiff has not addressed or refuted Sliker and Quinlan's declarations, which deny Plaintiff's allegations and point out that the allegations were never filed in a grievance. (*Id.*)

Finally, Judge Cobb recommends granting the Motion on Plaintiff's Eighth Amendment and conspiracy claims against Miro. (*Id.* at 13.) Judge Cobb found that Plaintiff failed to produce any evidence supporting his claim and failed to refute Miro's declaration, which denied that he called Plaintiff a snitch and child molester or conspired to have inmates do harm to Plaintiff. (*Id.*) The Court agrees with Judge Cobb and will adopt the R&R in full.

---

[2] Defendants state that two individuals with the same last name (Christian and Colton Rowley) have been referenced in this case and have submitted declarations in support of the Motion. (*Id.* at 8.)

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 80) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 67) is granted.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 26th day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE